## Brown & Bigelow v. Cresko, etc.

Before Flannery, Lewis and Pinola, JJ.

*Edwin H. Sheporwich,* for plaintiff.

*Ralph J. Johnston* and *Roy B. Pope,* for defendant.

PINOLA, J., October 18, 1949.—Defendant, admitting the purchase and delivery of goods, sets up in his answer a counterclaim for the cost of repairs made to the automobile of plaintiff's salesman.

Plaintiff's objections are (1) that plaintiff is not liable for repairs to the car of its salesman, (2) the counterclaim does not set forth the dates of the alleged repairs, nor does it show that they were charged to plaintiff, (3) that the averments of paragraphs 3 and 4 of the claim are insufficient to charge plaintiff with liability for the repairs, and (4) the averments of the answer are vague, indefinite and insufficient. For these reasons, plaintiff asks (a) judgment in its favor, or (b) that defendant be required to file a more specific counterclaim.

## Discussion

Suit was brought by plaintiff against defendant before Alderman Frank B. Brown of the City of Wilkes-Barre, for the sum of $59.47, for merchandise sold and delivered, copy of plaintiff's books of original entry being marked Exhibit "A" and attached to plaintiff's complaint.

The allegations of the complaint are admitted, but defendant in his counterclaim avers that on or about December 3, 1947, "one Kaye, the agent, servant and employee of the plaintiff", brought an automobile to defendant's place of business and requested that certain repairs be made which cost $37.75.

Nowhere in the counterclaim is there an averment that the repairs were made for the benefit of plaintiff or that they were ordered by plaintiff, or that the agent had authority to cause these repairs to be made for and on behalf of plaintiff. Defendant asks us to conclude

that repairs were made for plaintiff from the statement in paragraph 2 of the counterclaim that the automobile repaired was "used in the business of the plaintiff", and the statement in paragraph 4 that the price charged for the repairs is the price "which the plaintiff, by its duly authorized agent, servant and employee, said Kaye, promised to pay".

In our opinion, the counterclaim does not sufficiently aver any authority in the alleged agent to cause the repairs to the automobile (which may or may not have been that of plaintiff) to be made at the expense of plaintiff. There is no averment of affirmation by plaintiff; not even an averment that plaintiff had knowledge of the contract made by its alleged agent. Nor does the answer contain any averment as to notice having been given to plaintiff.

On the other hand, defendant is expressly precluded from charging the repairs to plaintiff by the very terms of the sales agreement found on the reverse side of the order attached to plaintiff's complaint. Paragraph 6 provides: ". . . Salesmen have no authority to collect money or incur any indebtedness on behalf of Brown & Bigelow. . . ."

We, therefore, conclude the counterclaim to be defective.

From paragraph 11 of the agreement we learn that the terms of payment are: "Terms: 1% 10 days—Net 30 days,—Interest at legal rate after due."

Accordingly, we enter the following

### Order

Now, October 18, 1949, judgment is directed to be entered for plaintiff and against defendant in the sum of $59.47, with interest from February 21, 1948.